**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chad GODFREY, Defendant–Appellant.**

No. 93–2717
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 24, 1994.

Kent A. Schaffer, Houston, TX, for appellant.

Paula C. Offenhauser, Katherine L. Haden, Asst. U.S. Attys., Gaynelle G. Jones, U.S. Atty., Houston, TX, for appellee.

Before WISDOM, JOLLY, and JONES, Circuit Judges.

---

WISDOM, Circuit Judge: *

Defendant/appellant Chad Godfrey pleaded guilty to one count of conspiracy to commit bank fraud and misapplication of funds by a bank officer in violation of 18 U.S.C. § 371. The district court, after departing downward from the sentence range suggested by the Sentencing Guidelines, sentenced Godfrey to 21 months in prison. On three grounds, Godfrey challenges the district court's calculation of his sentence. We AFFIRM.

\*     \*     \*

## II.

### A. Standard of Review

■ When reviewing a sentence, we ask whether the district court correctly applied the Sentencing Guidelines to factual findings that are not clearly erroneous.[10] The district court's application and interpretation of the Sentencing Guidelines are matters of law subject to *de novo* review.[11]

### B. "Double Counting" for Leadership and Planning

Godfrey first contends that the district court improperly "double counted" in adjusting his sentence level upward by four levels for being a leader or organizer under U.S.S.G. § 3B1.1(a) and by two levels for more than minimal planning and for involvement in a scheme to defraud more than one victim under § 2F1.1(b)(2).

■ We have previously noted that the Sentencing Guidelines do not forbid all double counting.[12] Double counting is impermissible only when the particular guidelines in question forbid it.[13] Because neither § 3B1.1 nor § 2F1.1 forbid double-counting with each other, increases under both of those sections are permitted. This is also the conclusion reached by most of the other circuits to address this question.[14] Previous unpublished decisions of this Court agree.[15]

We consider Godfrey's reliance on the Sixth Circuit's decision in *United States v. Romano*[16] misplaced. In *Romano*, the Sixth Circuit reversed a sentence that the district court had enhanced under both sections 3B1.1(a) and 2F1.1(b)(2) of the Sentencing Guidelines. The majority in *Romano* concluded that "by its very nature, being an organizer or leader of more than five persons necessitates more than minimal planning",[17] but the Sentencing Commission did not intend to punish the same conduct cumulatively under more than one provision of the Guidelines.[18] Therefore, the majority concluded, adjustments under both §§ 3B1.1(a) and 2F1.1(b)(2) were impermissible.

Even if we thought the rule of *Romano* could be squared with the jurisprudence of this Circuit (and we have serious doubts that it can), we find *Romano* distinguishable from Godfrey's case. Section 2F1.1(b)(2) allows a two-level increase if the defendant (A) en-

---

\* Most of this opinion merely decides this particular case based on well-settled principles of law and is unworthy of publication. *See* Loc.R. 47.5. The appeal raises one question of precedential significance. We direct that only the first and last paragraphs of the opinion and all of parts II.A and II.B be published, with omissions in the published text to be indicated by asterisks. *See, e.g., Garcia v. Wash,* 20 F.3d 608 (5th Cir.1994).

**10.** *United States v. Montoya–Ortiz,* 7 F.3d 1171, 1179 (5th Cir.1993). A factual finding is clearly erroneous if it is not plausible in light of the record taken as a whole. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

**11.** *Montoya–Ortiz,* 7 F.3d at 1179.

**12.** *United States v. Gonzales,* 996 F.2d 88, 93 (5th Cir.1993).

**13.** *See id.* at 93–94.

**14.** *See United States v. Myerson,* 18 F.3d 153, 163–64 (2d Cir.1994); *United States v. Smith,* 13 F.3d 1421, 1429 (10th Cir.1994); *United States v. Aideyan,* 11 F.3d 74, 76 (6th Cir.1993); *United States v. Willis,* 997 F.2d 407, 418–19 (8th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 704, 126 L.Ed.2d 670 (1994); *United States v. Kelly,* 993 F.2d 702, 704–05 (9th Cir.1993); *United States v. Curtis,* 934 F.2d 553, 556 (4th Cir.1991); *United States v. Boula,* 932 F.2d 651, 654–55 (7th Cir.1991).

**15.** *See United States v. Grube,* 20 F.3d 469 (5th Cir.1994) (table) (manuscript opinion at 3–6); *United States v. Walker,* 981 F.2d 1255 (5th Cir. 1992) (table) (manuscript opinion at 3).

**16.** 970 F.2d 164 (6th Cir.1992).

**17.** *Id.* at 167.

**18.** *Id.*

gaged in more than minimal planning *or* (B) engaged in a scheme to defraud more than one victim. Only the first of those two options was at issue in *Romano*. The district court found, however, that Godfrey's conduct fitted *either* of the two options under § 2F1.1(b)(2). In such circumstances, even the Sixth Circuit does not follow the *Romano* rule, but instead permits cumulative increases under §§ 2F1.1(b)(2) and 3B1.1(a).[19] The enhancement in Godfrey's case plainly was permissible.

\* \* \*

Godfrey's sentence is AFFIRMED.

19. *See Aideyan,* 11 F.3d at 76.