**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Reginald D. HARRIS, Defendant–**
**Appellant.**

**No. 94–1566.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1994.

Decided Nov. 29, 1994.

James M. Warden, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Indianapolis, IN, for plaintiff-appellee.

Timothy J. O'Connor (argued), O'Connor & Auersch, Indianapolis, IN, for defendant-appellant.

Before BAUER and MANION, Circuit Judges, and GRANT, District Judge.[*]

GRANT, District Judge.

Reginald Harris was convicted of theft from an interstate shipment in violation of 18 U.S.C. § 659. Although the offense of conviction was committed prior to the effective date of the 1993 Sentencing Guidelines, sentencing occurred after the effective date, and the district court accordingly applied the 1993 version of the Guidelines in imposing sentence. Finding that Harris had engaged in more than minimal planning in the commission of the crime and that he was an organizer or leader of the criminal activity, the district court imposed a two-level enhancement under both U.S.S.G. § 2B1.1 and § 3B1.1 (Nov. 1993). On appeal, Harris challenges the district court's use of the 1993 Sentencing Guidelines, contending that the sentence imposed thereunder violated the *ex post facto* clause of the Constitution and the Guidelines' policy against double counting. We find that it did not, and accordingly affirm Harris' sentence.

## I. BACKGROUND

In late July 1993, Reginald Harris attempted to enlist the services of George Summers, a co-worker, in a criminal venture which he planned to undertake. Harris told Summers that he knew where they could gain ready access to electronic equipment, and that he had a key to the area in which the equipment was located. On August 7, 1993, Harris approached Summers again and told him that he was ready to steal the equipment that night. Harris obtained his girlfriend's car and enlisted his younger brother as an accomplice in furtherance of the venture. In the early morning hours of August 8, the three men drove to a lot owned by Northwest Transport Service in which numerous tractor trailers were parked awaiting transit to other destinations. Summers took the key from Harris and opened the padlock on the perimeter gate. Once inside, the three broke into a trailer containing Alpine stereo equipment, loaded several cartons of the equipment into their car and took it back to the shopping complex where Harris and Summers were employed to divide it up. They returned to the Northwest lot shortly thereafter and stole approximately thirty additional cartons of stereo equipment.

The next morning, Harris, Summers and Harris' brother returned to the lot with plans to steal yet another load of stereo equipment. Harris assured Summers that the trailer was still there and that their previous theft would not, in all likelihood, be detected until later that day. When they arrived at the lot, however, they were confronted by a security guard and observed a warehouse worker within the lot. They accordingly decided to abandon their plans and return to work.

Harris was subsequently convicted of theft and sentenced to thirty-six months' imprisonment. This appeal followed.

## II. DISCUSSION

 Harris contends that the district court violated the *ex post facto* clause of the Constitution and the Guidelines' policy against double counting when it applied the 1993 version of the Sentencing Guidelines and imposed a cumulative enhancement which punished him twice for the same conduct. Because the issue was raised for the first time on appeal, our review is necessarily limited to the plain error standard. *United States v. Korando,* 29 F.3d 1114, 1120 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 496, 130 L.Ed.2d 406 (1994); *United States v. Seacott,* 15 F.3d 1380, 1386 (7th Cir.1994).

---

[*] The Honorable Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

■ Harris' argument is premised on the 1993 amendment to U.S.S.G. § 1B1.1, Application Note 4, which added the following paragraph:

Absent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together). For example, the adjustments from § 2F1.1(b)(2) (more than minimal planning) and § 3B1.1 (aggravating role) are applied cumulatively.

He contends that the absence of similar language in earlier versions of the Guidelines evidences an intent to prohibit such cumulative applications, and that his sentence would therefore have been less severe had the district court applied the 1992 Guidelines which were in effect at the time he committed the crime. We disagree.

■ The Guidelines, both pre- and post–1993, expressly provide that:

(a) The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.

(b) (1) If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.

U.S.S.G. § 1B1.11, p.s. *See also* 18 U.S.C. § 3553(a)(4); *Korando,* 29 F.3d at 1119; *Seacott,* 15 F.3d at 1386. While it is undisputed that an amendment to the Guidelines which occurs after the commission of the defendant's crime and which works to the defendant's detriment violates the *ex post facto* clause, *Seacott,* 15 F.3d at 1386, Harris has failed to show that he suffered any detriment as a result of the district court's application of the Guidelines which were in effect at the time of sentencing. The amendment to § 1B1.1 upon which Harris' *ex post facto* claim is premised was not substantive, as Harris suggests. It simply clarified *existing* policy. *See United States v. Curtis,* 934 F.2d 553, 556 (4th Cir.1991); *United States v. Boula,* 932 F.2d 651, 654–55 (7th Cir.1991). Both *Curtis* and *Boula* were decided under pre–1993 versions of the Guidelines, and hold that cumulative enhancements for more than minimal planning and for being an organizer or leader are not prohibited under the Guidelines and would not constitute impermissible double counting. *Curtis,* 934 F.2d at 556; *Boula,* 932 F.2d at 654–55.

Harris' reliance on *United States v. Romano,* 970 F.2d 164 (6th Cir.1992), which holds to the contrary, is misplaced. In *Romano,* the Sixth Circuit held that "by its very nature, being an organizer or leader . . . necessitate[d] more than minimal planning," and that enhancement under both § 2B1.1 and § 3B1.1 was therefore inappropriate because both sections punish for the same conduct. *Id.* at 167. *But see United States v. Aideyan,* 11 F.3d 74, 76 (6th Cir.1993) (distinguishing *Romano* and holding that enhancement under both § 2F1.1 and § 3B1.1 was not impermissible double counting). *Romano* and its descendant, *United States v. Chichy,* 1 F.3d 1501 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 620, 126 L.Ed.2d 584 (1993), however, represent "the minority, if not isolated, view of the many Courts of Appeals that have also addressed [the issue presented in this appeal]." *United States v. Smith,* 13 F.3d 1421, 1429 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 209, 130 L.Ed.2d 138 (1994). Indeed, the consensus among all of the other circuits, including our own, is that double counting is permissible unless the Guidelines expressly provide otherwise or a compelling basis exists for implying such a prohibition. *See United States v. Haines,* 32 F.3d 290, 293–94 (7th Cir.1994); *United States v. Godfrey,* 25 F.3d 263, 264 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 429, —— L.Ed.2d —— (1994); *United States v. Mandilakis,* 23 F.3d 278, 281 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 362, 130 L.Ed.2d 315 (1994); *United States v. Lilly,* 13 F.3d 15, 19–20 (1st Cir.1994); *United States v. Wong,* 3 F.3d 667, 671–72 (3rd Cir.1993); *United States v. Rappaport,* 999 F.2d 57, 60–61 (2d Cir.1993); *United States v. Willis,* 997 F.2d 407, 418–19 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 704, 126 L.Ed.2d 670 (1994); *United States v. Kelly,* 993 F.2d 702, 705 (9th Cir.1993); *Curtis,* 934 F.2d at 556.

That the pre–1993 Guidelines do not expressly prohibit double counting under § 2B1.1 and § 3B1.1 cannot be disputed. The omission was not inadvertent, for it is generally recognized that leading and planning a crime are two distinct aspects of criminal conduct, and may be treated as such for sentencing purposes. *See Godfrey,* 25 F.3d at 264; *Mandilakis,* 23 F.3d at 281; *Smith,* 13 F.3d at 1429; *Wong,* 3 F.3d at 671–72; *Rappaport,* 999 F.2d at 60–61; *Willis,* 997 F.2d at 418–19; *Kelly,* 993 F.2d at 705; *Curtis,* 934 F.2d at 556–57; *Boula,* 932 F.2d at 654–55.

The record reveals that Harris received the "organizer or leader" enhancement because the crime was his idea and because he recruited accomplices to assist him in the commission of the crime.[1] He received the "more than minimal planning" enhancement because he sought assistance to commit the crime two weeks before it was committed; obtained a key to the gate surrounding the trucking company lot; chose a time for the crime when there would be minimal business activity, meaning less likelihood of detection; provided the transportation; wore gloves to avoid detection; and made repeated trips to the location to steal equipment. The district court thus supplied a sufficient factual basis for enhancing Harris' sentence under both § 2B1.1 and § 3B1.1. That its findings may overlap in some respects does not persuade us differently. *See Haines,* 32 F.3d at 293–94 ("[E]ven if there is some overlap in the factual basis for two or more sentencing adjustments, so long as there is sufficient factual basis for each they may both be applied."); *Curtis,* 934 F.2d at 556–57 (use of accomplices was just one element relied upon in finding more than minimal planning; defendant's actions would have amounted to more than minimal planning without involvement of accomplices).

As the preceding discussion clearly demonstrates, Harris' sentence would have been the same even if the district court had applied the Guidelines in effect at the time the offense was committed. Under the circumstances, the *ex post facto* challenge to his sentence must fail.

Harris' sentence is accordingly

AFFIRMED.

---

1. Harris does not challenge the factual basis for the enhancement under U.S.S.G. § 3B1.1 for being an organizer or leader.