_____

No. 95-2651
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Southern District of Iowa.
Douglas Keith Cord,                *
                                   *        [UNPUBLISHED]
          Appellant.               *


_____

           Submitted:  February 6, 1996

              Filed:  February 12, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     Douglas Keith Cord challenges the 21-month sentence imposed by the District Court[1] after he pleaded guilty to conspiring to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343 (1994).  We affirm.

     In August 1994 Cord started a fraudulent telemarketing business, Midwest Consultants Division (Midwest), in Davenport, Iowa.  Midwest telephoned its victims and told them they had won a substantial prize, but would need to send a "redemption fee" before the prize could be awarded.  Midwest defrauded thirty-four victims, most of whom were elderly women, of almost $61,000.

_____

     [1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

Cord's presentence report included a two-level increase under U.S.S.G. § 2F1.1(b)(2) (1994) for more than minimal planning, and a two-level aggravating-role increase under U.S.S.G. § 3B1.1(c) (1994), because Cord organized, led, managed, or supervised criminal activity involving less than five participants.  Cord objected, arguing that the aggravating-role enhancement double counted his "organizational activities" in starting Midwest, which were taken into account by the more-than-minimal planning adjustment.

At sentencing, an FBI special agent testified about Cord's activities in starting and operating Midwest.  The government argued that the evidence supported both increases, and that applying both increases did not constitute double counting, because they addressed different aspects of Cord's conduct.  Cord responded that "essentially the same acts" and the "same facet of conduct" were being used to support both increases.  The District Court rejected Cord's argument, and sentenced him to 21 months imprisonment and three years supervised release.

On appeal Cord maintains that, because "there [was] indistinguishable factual overlap," the District Court double counted the same conduct when it applied both increases, and thus violated Cord's due process rights and the rule of lenity.  Cord relies on United States v. Chichy, 1 F.3d 1501, 1505-07 (6th Cir.), cert. denied, 114 S. Ct. 620 (1993); United States v. Romano, 970 F.2d 164, 167 (6th Cir. 1992); and United States v. Werlinger, 894 F.2d 1015 (8th Cir. 1990).

We review de novo the District Court's application of the guidelines.  United States v. Reetz, 18 F.3d 595, 600 (8th Cir. 1994).  We conclude that Cord's argument fails, based on our decision in United States v. Willis, 997 F.2d 407, 418-19 (8th Cir. 1993), cert. denied, 114 S. Ct. 704 (1994), where we held that the District Court's imposition of increases under sections 2F1.1(b)(2)

and 3B1.1(a) did not amount to impermissible double counting.  See also United States v. Stevenson, 68 F.3d 1292, 1294-95 (11th Cir. 1995) (rejecting double-counting challenge to application of §§ 2F1.1(b)(2) and 3B1.1(b)); United States v. Smithson, 49 F.3d 138, 145 (5th Cir. 1995) (rejecting double-counting challenge to application of §§ 2F1.1(b)(2) and 3B1.1(c)).

Although Romano and Chichy (which applied Romano) reached a different conclusion, Cord's reliance on these decisions is misplaced, as we explicitly rejected the Romano reasoning in Willis, 997 F.2d at 418-19.  Werlinger, 894 F.2d at 1017-19, is inapposite, as it addressed the propriety of cumulative increases for more than minimal planning and obstruction of justice. Moreover, as Cord recognizes, the Sentencing Commission has since added commentary to the Guidelines directing District Courts to apply cumulatively the increases under sections 2F1.1(b)(2) and 3B1.1.  See U.S.S.G. § 1B1.1, comment. (n.4) (effective November 1, 1993, see U.S.S.G. Apps. B & C Amend. No. 497); see also Stevenson, 68 F.3d at 1295 (application note 4 was Commission's response to Romano); United States v. Harris, 41 F.3d 1121, 1123 (7th Cir. 1994) (application note 4 only clarified existing policy).  Cord's argument regarding "indistinguishable factual overlap," even if true, is unavailing.  See id. at 1124.

We also note that the District Court distinguished between the different aspects of Cord's conduct in applying the two increases. See Willis, 997 F.2d at 419 (noting that § 2F1.1(b)(2) applies when crime evidenced planning and forethought, while § 3B1.1 addresses additional culpability inherent in leading or organizing criminal activity).  We agree with the District Court that evidence in the record supports both increases, including Cord's conduct in personally calling a number of victims more than once, see U.S.S.G. § 1B1.1, comment. (n.1(f)) (more than minimal planning present in case involving repeated acts over time), and his conduct in setting

up the business and claiming a larger share of the proceeds than his associates, <u>see</u> U.S.S.G. § 3B1.1, comment. (n.4) & (backg'd.).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.