103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carolyn Elaine HAYWOOD, Defendant-Appellant.
 No. 96-2074.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 26, 1996.
 
 Before CUMMINGS, RIPPLE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Between February 1993 and March 1994, Carolyn Elaine Haywood was involved in a scheme in which she filed and aided others in filing false income tax returns for 1992 and 1993 in order to obtain income tax refunds to which they were not entitled and to obtain loans based upon these fraudulent refunds. Haywood and a codefendant caused at least eighteen false tax returns to be filed amounting to approximately $33,500.00 in false claims to the United States government. As a result, Haywood was charged with one count of participating in a conspiracy to submit fraudulent claims for income tax refunds in violation of 18 U.S.C. § 286 and seventeen counts of submitting fraudulent refund claims to the Internal Revenue Service in violation of 18 U.S.C. § 287.
 
 
 2
 Haywood pleaded guilty to the conspiracy charge pursuant to a plea agreement, and the other counts against her were dropped. The district court increased Haywood's offense by two levels pursuant to § 2F1.1(b)(2) of the Sentencing Guidelines ("Guidelines") for more than minimal planning or alternatively, because the offense involved a scheme to defraud more than one person.[1] It also enhanced her offense level by three pursuant to § 3B1.1(b) based on her role as a manager/supervisor. Haywood appeals the sentence, contending that § 2F1.1(b)(2) and § 3B1.1(b) were applied using the same set of facts and therefore, impermissibly constituted double-counting. We review a district court's interpretation of the Guidelines de novo and its factual findings underlying the application of the Guidelines for clear error. United States v. Yusuff, 96 F.3d 982, 989 (7th Cir.1996).
 
 
 3
 Haywood's argument that double-counting occurred because the adjustments in § 2F1.1(b)(2) are alternative rather than cumulative lacks merit because her reference to the "alternative rather than cumulative" language applies to an entirely different subsection of § 2F1.1 than the one at issue.[2] Furthermore, this court has held that the enhancement under § 2F1.1(b)(2) is alternative in the sense that the two level increase can be imposed either for more than minimal planning or because the offense involved a scheme to defraud more than one victim. United States v. Boula, 932 F.2d 651, 654 (7th Cir.1991).
 
 
 4
 Haywood's argument that the two enhancements constituted double-counting because they were based upon the same acts also must fail because the two enhancements focus on different aspects of Haywood's offense. The § 3B1.1 enhancement was based on her role as a manager/supervisor because she recruited others to participate and her own participation was "extensive." PSR at 12. On the other hand, the enhancement pursuant to § 2F1.1(b)(2) was based on the repeated fraudulent filings which were not purely opportune or, alternatively, on the fact that her offense involved more than two victims. PSR at 11. Because the increases were supported by different facts, no double-counting occurred. United States v. Harris, 41 F.3d 1121, 1123 (7th Cir.1994) (stating that "it is generally recognized that leading and planning a crime are two distinct aspects of criminal conduct and may be treated as such for sentencing purposes," and concluding that "cumulative enhancements for more than minimal planning and for being an organizer or leader are not prohibited under the Guidelines and would not constitute impermissible double-counting."); Boula, 932 F.2d at 655 (rejecting the defendants' double-counting argument and finding that "the defendants participated in elaborate planning, justifying the section 2F1.1(b)(2) enhancement, and leadership of an extensive criminal enterprise, justifying the section 3B1.1(a) enhancement").
 
 
 5
 In addition, this court expressly has stated that an overlap in the factual basis in applying two enhancements does not necessarily invalidate the enhancements. Harris, 41 F.3d at 1124 (stating that some overlap in the factual bases for an enhancement under "more than minimal planning" and an enhancement for a supervisory role in the offense was acceptable); United States v. Haines, 32 F.3d 290, 293-294 (7th Cir.1994) ("even if there is some overlap in the factual basis for two or more sentencing adjustments, so long as there is sufficient factual basis for each they may both be applied"). Moreover, double-counting under the Guidelines is permissible "unless the Guidelines expressly provide otherwise or a compelling basis exists for implying such a prohibition." Harris, 41 F.3d at 1123 (citations omitted). The Guidelines do not prohibit double-counting with respect to §§ 2B1.1(b)(2) and 3B1.1. In fact, the Guidelines expressly permit cumulative application of these two sections:
 
 
 6
 Absent an instruction to the contrary, the adjustments from the different guideline sections are to be applied cumulatively (added together). For example, the adjustments from 2F1.1(b)(2) (more than minimal planning) and 3B1.1 (Aggravating Role) are applied cumulatively.[3]
 
 
 7
 U.S. Sentencing Guidelines Manual, § 1B1.1, Commentary to the General Application Principles, Application Note 4 (1995). The district court properly enhanced Haywood's sentence under both § 2F1.1(b)(2) and § 3B1.1.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court adopted the factual findings and sentence recommendations contained in the PSR
 
 
 [2]
 The Commentary to § 2F1.1 states that "[t]he adjustments in § 2F1.1(b)(3) are alternative rather than cumulative." U.S. Sentencing Guidelines Manual § 1B1.1, Commentary, Application Note 1 (1995) (emphasis added)
 
 
 [3]
 As the appellant notes, the Commentary to the Guidelines is binding upon the courts. Stinson v. United States, 113 S.Ct. 1913 (1993)