**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2005
Decided August 24, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 05-1637 | |
| | Appeal from the United States |
| UNITED STATES OF AMERICA, | District Court for the Northern |
|    *Plaintiff-Appellee,* | District of Illinois, Eastern Division |
| | |
|    *v.* | No. 04-CR-74-1 |
| | |
| LIZANDRO ROMERO, | Wayne R. Andersen, |
|    *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Lizandro Romero pleaded guilty to being in the United States without authorization after his removal on the basis of an aggravated felony conviction. See 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 57 months' imprisonment. Romero filed a notice of appeal, but his appointed lawyer now seeks to withdraw because he cannot discern a nonfrivolous basis for appeal. See *Anders v. California,* 386 U.S. 738 (1967). Counsel's brief in support of his motion is facially adequate, and so we limit our review to the potential issues he identifies along with those in Romero's response filed under Circuit Rule 51(b). See *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997). We conclude that all of these potential issues on appeal are frivolous and therefore grant counsel's motion to withdraw and dismiss Romero's appeal.

Romero was apprehended during a routine traffic stop in Rolling Meadows, Illinois, in January 2004. A roadside name-check revealed that he was removed to Mexico in December 2001 following two related convictions for delivery of a controlled substance. At his sentencing hearing in February 2005, Romero testified that he returned to the United States because his parents brought him here at age four and he no longer has any family or friends living in Mexico. The district court, mindful of Romero's reasons for re-entering and the discretionary nature of the guidelines, nonetheless declined to sentence Romero below the guideline minimum based on what it characterized as Romero's "unrelenting" criminal history.

Counsel first discusses the possibility of challenging the voluntariness of Romero's guilty plea based on purported deficiencies in the plea colloquy. See Fed. R. Crim. P. 11. But counsel does not represent that Romero wants his guilty plea set aside. We have held that appointed lawyers seeking to withdraw under *Anders* should not even explore the propriety of a guilty plea unless the defendant says he wants to unwind the plea, and therefore counsel should not have addressed this potential argument. *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Next counsel considers whether Romero's aggravated felony convictions were "double-counted" because they were used to calculate both his offense level and his criminal history category under the guidelines. This argument would be frivolous because the use of a prior conviction for more than one purpose under the guidelines is not prohibited. See U.S.S.G. § 2L1.2(b)(1)(A)(I) & cmt. n.6; see also *United States v. Beith,* 407 F.3d 881, 888 (7th Cir. 2005) (explaining that "double counting" is permitted except where the guidelines include express prohibition or suggest compelling basis for implying prohibition); *United States v. Harris*, 41 F.3d 1121, 1123 (7th Cir. 1994) (same).

Romero contends in his Rule 51(b) response that despite the fact that he was sentenced after *Booker,* his attorney could argue that his offense level was improperly increased, see U.S.S.G. § 2L1.2(b)(1)(A), because the judge and not a jury determined that his prior convictions qualified him for the higher offense level. This argument would be frivolous because, after *Booker*, findings of fact that affect only the guideline range do not raise constitutional concerns since the judge is no longer required to impose the guideline sentence. See *United States v. Dean*, No. 04-3172, 2005 WL 1592960 (7th Cir. July 7, 2005).

Finally, both Romero and his lawyer consider whether it would be frivolous to argue that the district court imposed an unreasonable sentence when it declined to reduce Romero's sentence below the guideline minimum based on Romero's cultural assimilation and status as a deportable alien. A sentence within a properly calculated guideline range is presumptively reasonable, see *United States Mykytiuk,* No. 04-1196, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005). The district court evaluated his arguments against the factors set forth in 18 U.S.C. § 3553(a), but the court was not

compelled to accept Romero's arguments for a sentence below the guideline range. We do not see anything in those arguments that would suggest any basis for appeal.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.