**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 30, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10338
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOA TOAN GIA LE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-277-ALL-P
---------------------

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Boa Toan Gia Le appeals his conviction for being a felon in
possession of a firearm and his sentence of 42 months of
imprisonment and three years of supervised release. Le asserts
that the evidence was not sufficient to establish that he
possessed a firearm. Le argues that the evidence tended to give
equal or nearly equal circumstantial support to the theory that
another person possessed the firearm. Le contends that his
statement that a woman handed him the firearm cannot be relied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon as proof of his guilt because he was intoxicated and could not have knowingly and voluntarily made the statement.

We review a challenge to the sufficiency of the evidence to determine "whether a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Butler, 429 F.3d 140, 151 (5th Cir. 2005) (citation and internal quotation marks omitted). The direct evidence produced by the Government from eyewitnesses to the incident was sufficient for the jury to find Le guilty of possession of a firearm. See id. (jury retains sole responsibility for determining weight and credibility of evidence).

Le contends that the district court engaged in impermissible multiple counting in determining his criminal history category. Le argues that, as a result, his criminal history category overstated the seriousness of his criminal history.

A district court's calculation of a defendant's criminal history category is a finding of fact, which we review for clear error. United States v. Martinez-Moncivais, 14 F.3d 1030, 1038 (5th Cir. 1994); see Butler, 429 F.3d at 153 & n.6; United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Le has provided no authoritative support for his argument that the district court engaged in impermissible multiple counting under U.S.S.G. § 4A1.1(a), (d), and (e). The Guidelines

expressly sanction the addition of criminal history points under U.S.S.G. § 4A1.1(d) and (e).  See U.S.S.G. § 4A1.1(e), comment. (n.5).  Le has not identified any Guideline section that prohibits the addition of criminal history points that occurred in his case.  See United States v. Kings, 981 F.2d 790 (5th Cir. 1993) (sanctioning the addition of three points under U.S.S.G. § 4A1.1(d) and (e)); United States v. Hawkins, 69 F.3d 11 (5th Cir. 1995) (double counting is prohibited only if the particular guideline at issue specifically forbids it).  The district court's finding that increases under U.S.S.G. § 4A1.1(a), (d), and (e) applied in Le's case was not clearly erroneous.  See United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992). Accordingly, the judgment of the district court is AFFIRMED.