# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2010

Lyle W. Cayce
Clerk

No. 09-30998
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEAN SULLIVAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-114-2

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sean Sullivan appeals the 16-month sentence imposed following his guilty plea conviction of one count of possession of contraband by a prisoner. Sullivan, who was serving a 480-month sentence when he committed the instant offense, contends that the district court erred in calculating his criminal history points. Specifically, Sullivan argues that because being a prisoner was an element of his offense, the district court engaged in impermissible double counting by assigning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history points under U.S.S.G. § 4A1.1(a), (d), and (e) based on the fact that he was in prison when he committed the offense.

The Sentencing Guidelines do not forbid all double counting. *United States v. Godfrey*, 25 F.3d 263, 264 (5th Cir. 1994). Double counting is prohibited only if the particular guidelines at issue specifically forbid it. *Id.* Double counting is allowed "where a single act is relevant to two dimensions of the Guideline analysis." *United States v. Franklin*, 148 F.3d 451, 461-62 (5th Cir.1998) (internal quotations and citations omitted). "The offense level represents a judgment as to the wrongfulness of a particular act. The criminal history category principally estimates the likelihood of recidivism." *United States v. Dadi*, 235 F.3d 945, 956 n.10 (5th Cir. 2000) (quotation and citation omitted).

The multiple additions that Sullivan received under § 4A1.1(a), (d), and (e) are authorized by the Guidelines and are not repetitious: (1) the three points assigned under § 4A1.1(a) were for a prior conviction with a sentence greater than one year and one month; (2) the two points added under § 4A1.1(d) were for committing an offense while currently serving a criminal sentence; and (3) the point added under § 4A1.1(e) was for committing an offense while he was imprisoned. The plain language of § 4A1.1(e) envisions a scenario where points will be added under both § 4A1.1(d) and (e). *See* § 4A1.1(e) & comment. (n.5). Sullivan has not pointed to any guideline section that prohibits the addition of criminal history points that occurred in his case. He has therefore not shown that the particular guidelines at issue specifically forbid double counting. *See Godfrey*, 25 F.3d at 264.

Moreover, in *United States v. Vickers*, 891 F.2d 86 (5th Cir. 1989), this court rejected a double counting contention that parallels Sullivan's argument. Vickers, who appealed his sentence for escape, asserted that it was impermissible double counting to add criminal history points under § 4A1.1 for being in prison when the instant offense was committed given that the base

2

offense level for escape necessarily took into consideration the fact that he was in custody. This court determined that there was no exception to the application of the criminal history provisions of Chapter Four of the Guidelines to the offense of escape. *Id.* As was the case in *Vickers*, Sullivan's criminal history category score did not result from impermissible double counting. *See id.* at 87-88.

The judgment of the district court is AFFIRMED.