# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

Lyle W. Cayce
Clerk

No. 09-20564
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELENILSON FLORES-RODRIGUEZ, also known as Elenilson Rodriguez Flores, also known as Francisco Aquino, also known as Francisco L Aquino, also known as Elenilson R. Rodriguez, also known as Elenilson Flores, also known as Elenilson Flores Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-255-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Elenilson Flores-Rodriguez (Flores) appeals following his guilty-plea conviction of illegal reentry. Flores was sentenced to 70 months of imprisonment and three years of supervised release. Flores contends that the district court erroneously calculated his criminal history score by assessing criminal history points for a prior conviction and sentence under U.S.S.G. § 4A1.1(d) and (e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Flores argues that the date of the commission of the instant offense should be the date he reentered the United States rather than the date he was found in the United States because the latter date is not indicative of his propensity to recidivate, that using the date he was found in the United States violates the Equal Protection Clause, and that assessing points under both § 4A1.1(d) and (e) constitutes impermissible double-counting for the same conduct. Flores also contends that the district court failed to adequately explain why it rejected his arguments for a lesser sentence.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Improperly calculating the guidelines range or failing to adequately explain the chosen sentence is a significant procedural error. *Id.*

We have rejected Flores's argument that the date of the commission of the instant offense for § 4A1.1 purposes should be the date he reentered the United States rather than the date he was found in the United States. *See United States v. Reyes-Nava*, 169 F.3d 278, 280 (5th Cir. 1999); *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996). Flores was found in the United States on March 19, 2008. On that date, he was serving a sentence of imprisonment. Accordingly, he was correctly assessed two points pursuant to § 4A1.1(d) and one point pursuant to § 4A1.1(e). § 4A1.1(d), (e), comment. (n.5).

Flores cites no authority for his argument that using the date he was found in the United States violates the Equal Protection Clause. Therefore, this issue is waived for inadequate briefing. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

We have also rejected Flores's argument that assessing criminal history points under both § 4A1.1(d) and (e) constitutes impermissible double-counting. *See United States v. Sullivan*, No. 09-30998, 2010 WL 2465072, at *1 (5th Cir. June 15, 2010) (unpublished); *United States v. Le*, 161 F. App'x 362, 363-64 (5th

Cir. 2005). Therefore, there was no error in the calculation of his criminal history score.

Flores's remaining argument that the district court failed to adequately explain its reasons for rejecting his arguments for a lesser sentence is subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). To show plain error, Flores must demonstrate that the district court erred, that the error is clear or obvious, and that the error affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Flores makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

We need not determine whether the district court erred because Flores cannot show that the error affected his substantial rights. Flores argues only that the inadequacy of the district court's explanation deprived this court of the ability to review his sentence. "While a district court errs by failing to explain a sentence, the effect of that error on our review for reasonableness is diminished when the sentence is within the Guidelines range." *Mondragon-Santiago*, 564 F.3d at 365. The 70-month sentence was within the guidelines range of 70 to 87 months. Flores makes no other argument as to how an adequate explanation would have changed his sentence. Therefore, he has failed to show that the error, if any, affected his substantial rights. *See id.* Accordingly, there is no reversible plain error with respect to the procedural reasonableness of his sentence. *See id.*

The judgment of the district court is AFFIRMED.