NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2011
Decided June 30, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1391

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 3:10-cr-30077-RM-BGC-1 |
| FELIX MENDEZ-ARELLANO, *Defendant-Appellant*. | Richard Mills, *Judge*. |

**O R D E R**

Felix Mendez-Arellano, a Mexican citizen, has been removed from the United States six times since 2004. The last time was in May 2010 after he completed a 60-day prison term on a conviction for unlawful presence in the United States. *See* 8 U.S.C. § 1326(a). That conviction also carried with it a year of supervised release requiring, as relevant here, that Mendez-Arellano not reenter the United States illegally. Yet, five months after being removed, he was again caught in the United States illegally, and the government once more charged him with violating § 1326(a). He pleaded guilty and was imprisoned for a total of 18 months, 16 months on the new conviction plus 2 months for violating the terms of his supervised release. Mendez-Arellano filed a notice of appeal from the § 1326(a) conviction (though not the revocation of his supervised release), but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Mendez-Arellano has not responded to counsel's submission. *See* CIR. R.

51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).

Counsel begins by telling us that Mendez-Arellano does not want to challenge his guilty plea. Counsel thus properly refrains from discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel does evaluate whether Mendez-Arellano could challenge his 16-month prison sentence. Counsel first considers challenging the guidelines calculations but correctly concludes that this argument would be frivolous because Mendez-Arellano affirmatively stated at sentencing that he agreed with the presentence investigation report, in which the probation officer accurately calculated a guidelines imprisonment range of 10 to 16 months. *See United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010); *United States v. Brodie*, 507 F.3d 527, 531-32 (7th Cir. 2007).

Next, counsel contemplates arguing that Mendez-Arellano's prior § 1326(a) conviction was double counted because it was used in calculating both his offense level and his criminal-history category. This argument would be frivolous, however, because the use of a prior conviction for more than one purpose is permissible unless the guidelines provide otherwise, and here they expressly authorize this approach. *See* U.S.S.G. § 2L1.2 cmt. n.6; *United States v. Beith*, 407 F.3d 881, 888 (7th Cir. 2005); *United States v. Harris*, 41 F.3d 1121, 1123 (7th Cir. 1994).

Finally, counsel considers challenging the substantive reasonableness of Mendez-Arellano's sentence. The district court chose a sentence within the guidelines range, and we would presume that term to be reasonable. *See Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009). Furthermore, the district court properly applied the factors in 18 U.S.C. § 3553(a). The court acknowledged Mendez-Arellano's desire to provide for his family but concluded that his demonstrated willingness to shirk the immigration laws of the United States called for a sentence at the top of the guidelines range. In light of these considerations, any challenge to the reasonableness of Mendez-Arellano's sentence would be frivolous.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.