UNITED STATES of America,
Plaintiff–Appellant,

v.

David J. BARTE, Defendant–Appellee.

No. 88–2500.

United States Court of Appeals,
Fifth Circuit.

March 28, 1989.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellant.

Michael Sokolow, Asst. Federal Public Defender, Roland E. Dahlin, III, Federal Public Defender, Houston, Tex., for defendant-appellee.

Before GEE, HIGGINBOTHAM and DUHE, Circuit Judges.

DUHE, Circuit Judge:

The Government appeals the trial court's denial of its pre-trial motion to reconsider the suppression of certain items of physical evidence. Concluding that the challenged evidence was admissible, we reverse.

FACTS

United States Postal Inspectors mailed an envelope, containing a $20 bill and a transmitter, to a nonexistent address on letter carrier David J. Barte's route. Barte was seated in his postal jeep when the transmitter signalled that the envelope had been opened and its contents removed. Inspector Adams testified that he and Inspector Williams approached Barte less than a minute later, identified themselves as postal inspectors, asked him to step out of the jeep and told him they were looking for a letter. Adams mentioned the address, the color of the envelope and what it looked like. Adams testified Barte feigned ignorance until he was told: "We know you have the letter ... We know you've just opened it. We're not leaving here until we have our letter." At that point, according to Adams, Barte became emotional, stated he'd made a "dumb mistake" and pulled a $20 bill out of his pants pocket and a rifled envelope out of his shoe. The transmitter was found inside the jeep by Inspector Williams. *After* the evidence was recovered, Adams read Barte his rights, in ac-

cordance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Barte testified he had no recollection of being read any warnings at the scene.

Barte was indicted for embezzling an article of mail in violation of 18 U.S.C. § 1709 and opening a letter entrusted to him in violation of 18 U.S.C. § 1703(a).

The district court suppressed the $20 bill, the envelope, and the transmitter finding they were obtained as a result of a custodial interrogation that occurred before defendant was given the *Miranda* warnings.

## ANALYSIS

Although the district court correctly found that the $20 bill and the envelope were the product of a *Miranda* violation, this finding does not require suppression of these items of evidence at Barte's trial. A mere violation of *Miranda's* "prophylactic" procedures does not trigger the fruit of the poisonous tree doctrine. The derivative evidence rule operates only when an actual constitutional violation occurs, as where a suspect confesses in response to coercion. *U.S. v. Bengivenga,* 845 F.2d 593, 601 (5th Cir. 1988). None of the tactics employed by the postal agents were "so offensive to a civilized system of justice that they must be condemned." *Miller v. Fenton,* 474 U.S. 104, 109, 106 S.Ct. 445, 449, 88 L.Ed.2d 405 (1985). The $20 bill and the envelope should not have been excluded under the derivative evidence rule because there is no evidence of coercion in the record.

The transmitter was also improperly excluded. It was recovered from the postal jeep by Inspector Williams independent of the custodial interrogation of defendant and its discovery did not result from any violation of defendant's rights.

REVERSED.