**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Jose REYES–NAVA,**
**Defendant–Appellant.**

No. 98–20285.

United States Court of Appeals,
Fifth Circuit.

March 9, 1999.

James L. Powers, Paula Camille Offenhauser, Assistant U.S. Attorneys, Houston, TX, for Plaintiff-Appellee.

Roland E. Dahlin, II, Federal Public Defender, Thomas S. Berg, Assistant Federal Public Defender, Houston, TX, for Defendant-Appellant.

Before DAVIS, STEWART and PARKER, Circuit Judges.

### PER CURIAM:

Reyes–Nava pleaded guilty to illegal reentry into the United States after being deported, in violation of 8 U.S.C. § 1326. The district court for the Southern District of Texas sentenced Reyes to 77 months confinement and to a three-year term of supervised release. He appeals his sentence, arguing the district court erred in applying the United States Sentencing Guidelines (USSG) § 4A1.1(d) which added a two-level enhancement and declining to downward depart under a theory of cultural assimilation. We affirm.

### I. FACTS AND PROCEEDINGS

In 1989, Juan Jose Reyes–Nava (Reyes) received a five-year sentence in the Texas Department of Corrections for robbery and attempted murder. He was paroled and subsequently deported to Mexico in 1991. In 1992, Reyes reentered the United States illegally and without obtaining prior permission of the Attorney General to reenter.

Reyes' presentence investigation report shows he was arrested and served jail terms for two other offenses since illegally reentering the United States. In 1994, Reyes pleaded guilty to driving while intoxicated (DWI) and was sentenced to thirty days in jail. In 1996, Reyes pleaded guilty to DWI and pleaded *nolo contendere* to assault and served concurrent 95 day sentences.

On June 18, 1997, the Harris County, Texas sheriff's department arrested Reyes for driving under the influence of alcohol and operating a vehicle while his drivers' license was suspended. The Harris County deputies suspected Reyes was an illegal alien and contacted Immigration and Naturalization Services (INS). The same day, the INS interviewed Reyes and learned he had a felony conviction and had been deported from the United States.

On June 27, 1997, Reyes was charged with unlawful reentry by a deported alien in violation of 8 U.S.C. § 1326. On January 12, 1998, Reyes entered a guilty plea to the illegal reentry charge. On April 6, 1998, the district court sentenced Reyes to 77 months of imprisonment. Reyes now appeals, claiming the district court erred in applying USSG § 4A1.1(d) which added a two-level enhancement and declining to downward depart under a theory of cultural assimilation.

### II. DISCUSSION

#### A. Enhancement under USSG § 4A1.1(d).

A sentence will be upheld on review unless it was (1) imposed in violation of law; (2) imposed as a result of an incorrect application of the sentencing guidelines; or (3) outside the range of the applicable sentencing guideline and is unreasonable. *See United States v. Garcia*, 962 F.2d 479, 480–81 (5th Cir.1992). This court reviews the district court's application of the sentencing guidelines de novo. *See United States v. Reyna–Espinosa*, 117 F.3d 826, 828 (5th Cir.1997).

The USSG provide for a two-point criminal history enhancement "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d). The comment to Section 4A1.1(d) further states the section applies "if the defendant committed *any part* of the

*instant offense* (i.e. any relevant conduct) while under *any* criminal justice sentence." USSG § 4A1.1, comment. (n. 4) (emphasis added).

■ In this case, Reyes was charged with the "instant" offense of illegal entry under 8 U.S.C. § 1326. Section 1326 makes it a crime for an alien who has been arrested and deported to "enter, attempt to enter, or is at any time found, in the United States. ..." *See* 8 U.S.C. § 1326(a)(1), (2). In *United States v. Santana–Castellano*, 74 F.3d 593, 598 (5th Cir.1996), this court held that "a previously deported alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities...." (citing *United States v. Gomez*, 38 F.3d 1031, 1037 (8th Cir.1994)). Furthermore, the *Santana–Castellano* court held that a previously deported alien who reenters and remains in the United States, commits a continuing offense until he is found. *See id.* (citing *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166, 59 S.Ct. 412, 83 L.Ed. 563 (1939)).

Reyes argues the district court erred in applying the two-point criminal history enhancement under USSG § 4A1.1(d) because Reyes was not serving a sentence of imprisonment when he was "found." Specifically, Reyes claims the INS found him on June 18, 1997, but he was not sentenced in Texas state court until June 27, 1997. Under Reyes' analysis, the sentencing enhancement of § 4A1.1(d) would be applied *if* the INS had found Reyes on June 27, 1997 or during the course of his sentence. *See Santana–Castellano*, 74 F.3d at 598.

The district court's decision to apply the two point sentencing enhancement, however, was valid. Under Section 4A1.1(d), two points are added if the defendant committed the instant offense (illegal entry) while under any criminal justice system sentence. The instant offense began in 1992 when Reyes illegally reentered the United States after he was deported. As a continuing offense, the illegal entry was not completed until the INS found Reyes in 1997. *See id.* During the course of the continuing offense of illegal entry, Reyes served two sentences in 1994 and in 1996. The two point sentencing en-

hancement under Section 4A1.1 was proper because Reyes committed the continuing offense of illegal entry while Reyes was under jail sentences.

### B. Failure to Downward Depart—Cultural Assimilation.

■ At the sentencing hearing, Reyes asked the district court to provide a downward departure relating to his "cultural assimilation" under USSG § 5H1.6. Specifically, Reyes requested the district court to consider his long residence—nearly twenty years—in the United States and the fact that he married a U.S. citizen and has a U.S. citizen child. The district court noted it did "not believe that the Defendant's situation serves as a basis for downward departure; and accordingly that objection is overruled." Reyes contends the district court erred when it failed to consider cultural assimilation as a basis for a downward departure.

■ When a district court declines to depart downward based on the facts in the case, the decision is not reviewable by a Court of Appeals. *See United States v. Brace*, 145 F.3d 247, 263 (5th Cir.) (en banc), *cert. denied,* —— U.S. ——, 119 S.Ct. 426, 142 L.Ed.2d 347 (1998). Because the record shows the district court refused to depart downward on the facts of the case, we lack jurisdiction to review the decision.

### III. CONCLUSION

In sum, we AFFIRM the district court's decision to apply a two-point enhancement and we AFFIRM the district court's decision to decline to depart downward.

AFFIRMED.