# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

## No. 98-20514

---

**UNITED STATE OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ATENOGENES CORRO-BALBUENA,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Southern District of Texas

---

August 25, 1999

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

DeMOSS, Circuit Judge:

Corro-Balbuena appeals the sentence imposed following his guilty plea to being found present in the United States without permission after deportation, in violation of 8 U.S.C. § 1326(a). Corro-Balbuena pleaded guilty and was sentenced, on his own motion and over the government's objection, without a presentence report or formal recommendation from the probation officer. The district court assigned a total of seven criminal history points; five points were assigned for prior convictions, *see* U.S.S.G. § 4A1.1(a)-(c), and two points were assigned because Corro-Balbuena committed the instant § 1326 offense while under a criminal justice sentence, *see* U.S.S.G. § 4A1.1(d). The district court overruled Corro-Balbuena's objection to the number of criminal history points assigned. On appeal, Corro-Balbuena challenges only those two

criminal history points assigned on the basis of § 4A1.1(d). Having reviewed the district court's interpretation of the sentencing guidelines de novo and its application of the guidelines to the facts for clear error, *see United States v. Cho*, 136 F.3d 982, 983 (5th Cir. 1998), we affirm.

## BACKGROUND

On October 9, 1991, Corro-Balbuena was convicted in Texas state court on a misdemeanor charge of carrying a weapon, and sentenced to ten days confinement in the Harris County, Texas jail. On October 21, 1991, Corro-Balbuena was deported to Mexico through Brownsville, Texas.

On February 19, 1994, Corro-Balbuena was apprehended in Houston, Texas by immigration service officers assigned to a violent gang task force. On March 2, 1994, Corro-Balbuena was deported to Mexico through Brownsville, Texas.

On March 19, 1994, Corro-Balbuena was once again apprehended in Houston, Texas by immigration service officers assigned to a violent gang task force. On March 30, 1994, Corro-Balbuena was deported to Mexico through Brownsville, Texas.

Sometime between March 1994 and July 1994 Corro-Balbuena, having been previously deported, reentered the United States without obtaining permission to do so from the Attorney General of the United States. On July 11, 1994, Corro-Balbuena was convicted in Texas state court for failure to identify himself to a police officer and driving while intoxicated. Corro-Balbuena was

2

sentenced to ten days confinement on the failure to identify charge. Corro-Balbuena was sentenced to 180 days confinement on the DWI charge, but that sentence was probated to one year probation. On September 15, 1994, while still under a sentence of probation, Corro-Balbuena was deported to Mexico through Brownsville, Texas.

Sometime between September 1994 and March 1995, while he was still under a sentence of probation, Corro-Balbuena once again illegally reentered the United States without obtaining permission from the Attorney General. On February 24, 1995, the state filed a motion to revoke Corro-Balbuena's probation. On March 10, 1995, Corro-Balbuena was arrested in Texas for auto theft. On April 27, 1995, Corro-Balbuena was convicted in Texas state court of auto theft and was sentenced to 140 days confinement.

Corro-Balbuena maintains that he voluntarily returned to Mexico after completing the 140 day sentence, and that he then remained in Mexico until November 1997, when he illegally reentered the United States without permission for at least the fifth time. As of January 29, 1998, Corro-Balbuena was being held in the Harris, County, Texas jail on an unresolved charge that he was driving with a suspended license. That same day, Corro-Balbuena's illegal presence in the United States was discovered by the Immigration and Naturalization Service (INS). On January 30, 1998, Corro-Balbuena was found guilty on the charge that he was driving with a suspended license and was sentenced to 45 days confinement and a $100 fine.

In March 1998, the government filed its complaint against Corro-Balbuena for violation of 8 U.S.C. § 1326. Corro-Balbuena pleaded guilty to the charge and judgment was entered on June 15, 1998. This appeal ensued.

## ANALYSIS

Title 8 U.S.C. § 1326(a) provides, in relevant part, that any alien who:

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined or imprisoned or both as set forth in the statutory sections that follow.

Sentencing guideline § 4A1.1(d) provides that two points should be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Application note 4 to that guideline provides that "[t]wo points are added if the defendant committed any part of the instant offense (i.e. any relevant conduct) while under any criminal justice sentence,

4

including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) comment. (n.4).

Section 1326 sets forth a continuing offense. *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996). That offense begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by the INS in the United States. *United States v. Reyes-Nava*, 169 F.3d 278, 280 (5th Cir. 1999); *Santana-Castellano*, 74 F.3d at 598. A two point enhancement under § 4A1.1(d) may, therefore, be applied to increase a § 1326 defendant's criminal history score when the district court finds, as it did in this case, that the defendant was under a criminal justice sentence at any time during the pendency of the continuing § 1326 offense.[1]

The core dispute in this case concerns when Corro-Balbuena's continuing § 1326 offense began. The district court held that any of the dates on which Corro-Balbuena surreptitiously and illegally reentered the United States after deportation and without permission could be used as the start date of Corro-Balbuena's offense, which continued until Corro-Balbuena was found by the INS in January 1998. Corro-Balbuena maintains that his § 1326 offense may only be defined with reference to his most recent illegal

---

[1]     This Court has expressly rejected the contention that § 4A1.1(d) cannot be applied in the context of a § 1326 offense unless the defendant was under a criminal justice sentence when he or she illegally reentered the country. *See Santana-Castellano,* 74 F.3d at 598. The Court has likewise rejected the contention that the § 1326 defendant must be under a criminal justice sentence when he is "found," or discovered in the United States. *See Reyes-Nava*, 169 F.3d at 280.

reentry, which he alleges did not occur until November 1997. Corro-Balbuena maintains that the district court was not free to consider, either as part of the instant offense or as relevant conduct, the four prior unlawful reentries when imposing his sentence.

We disagree. Corro-Balbuena illegally reentered the country sometime after he was deported in 1991 and before he was apprehended by INS officers in 1994. Corro-Balbuena illegally reentered the country again in early 1994, and again in mid-1994. In July 1994, Corro-Balbuena was convicted and placed under a criminal justice sentence which included a one year probationary period. Less than one year later, and while he was still under a criminal justice sentence, Corro-Balbuena illegally entered the country again. Shortly thereafter, Corro-Balbuena was convicted of auto theft and placed under another criminal justice sentence requiring that he serve 140 days in confinement. None of these facts are disputed. Each or any of these multiple surreptitious and illegal reentries may be used, either as part of the instant offense or as relevant conduct, to support the district court's application of § 4A1.1(d). While it may be impossible to pinpoint the exact date on which Corro-Balbuena illegally reentered the United States, Corro-Balbuena's illegal reentries and his continued unlawful presence in the United States are adequately illustrated by his multiple criminal convictions in Texas state court. Corro-Balbuena's naked assertions that he voluntarily departed the United States in 1995 and did not return until shortly before he was found

6

by the INS in January 1998 may be sufficient to create a new and independent offense. That conduct is insufficient, however, even if true, to extinguish a pre-existing and continuing offense arising from prior illegal reentries.

## CONCLUSION

We find adequate authority in *Santana* and *Reyes* for the district court's application of § 4A1.1(d) in this case. We likewise find ample support in the record for the district court's factual determination that Corro-Balbuena was under a criminal justice sentence while his § 1326 offense was continuing.

The district court is in all respects **AFFIRMED**.