No. 99-50957
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50957
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE TERRAZAS-ACOSTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-713-1-DB
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Rene Terrazas-Acosta appeals the sentence imposed following his guilty-plea conviction of illegal reentry into the United States following deportation in violation of 8 U.S.C. §§ 1326(a) & (b)(2).  He argues that the district court mistakenly believed that it lacked the authority to depart downward based on his cultural assimilation into the United States.  The record indicates that the district court recognized its authority to depart downward based on cultural assimilation but determined that a downward departure was not warranted based on the facts of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case.  Accordingly, this court lacks jurisdiction to review the district court's decision.  See United States v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999).

This court notes that in his plea agreement Terrazas-Acosta agreed to waive the right to appeal his sentence except in certain circumstances which do not exist here.  However, the Government makes no mention on appeal of this waiver.  Nor has the transcript of the plea hearing been included in the appellate record, which precludes this court from determining whether or not the waiver was informed and voluntary.  The knowing and voluntary waiver in a plea agreement of the right to appeal has been approved by this court.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  This court is at a loss to understand why the Government has not raised the issue of waiver in this case, and why defense counsel did not include a transcript of the Rule 11 hearing in the record.

APPEAL DISMISSED.