IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 00-40073

Summary Calendar

———————

UNITED STATES OF AMERICA,                    Plaintiff-Appellee,

versus

FRANCISCO JAVIER GOMEZ-ALVAREZ,              Defendant-Appellant.

———————

Appeal from the United States District Court
For the Southern District of Texas
(L-99-CR-713)

———————

September 21, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Gomez-Alvarez appeals the sentence imposed upon him following his plea

of guilty to one count of illegal re-entry into the United States after deportation, in violation of 8

U.S.C. § 1326. We dismiss the appeal.

Gomez-Alvarez does not contest the well-settled principle that a district court's discretionary

refusal to depart from the Sentencing Guidelines is not reviewable on appeal.[1] However, he argues

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See United States v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999).

that statements made by the district court at the sentencing hearing suggest that it was unaware of its authority to grant a downward departure based on cultural assimilation and close family ties in the United States.[2] A perusal of the record reveals that the district court never expressed such a belief. Indeed, the court's language arguably reflects the contrary view - i.e., that the district court had such authority and that it refrained from granting a downward departure on cultural assimilation grounds under the facts of this case. Thus, at the sentencing hearing, the court asked Appellant's counsel how a downward departure would benefit Gomez-Alvarez, given that he would be deported anyway. Moreover, the court ultimately concluded that "the cultural assimilation [argument] is not going to work *in this case* . . . That is rejected" (emphasis added).

The sentencing court therefore exercised its discretion not to depart, rendering its decision unreviewable.[3]

APPEAL DISMISSED.

---

[2] A refusal to grant a downward departure is a violation of law only where a district court mistakenly asserts that it lacks the authority to depart. See United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir. 2000). Although other circuits have recognized the viability of the cultural assimilation argument, see United States v. Lipman, 133 F.3d 726, 730 (9th Cir. 1998), the posture of this case renders it unnecessary for us to decide this question (see infra).

[3] See Reyes-Nava, 169 F.3d at 280.

2