# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit
_____

No. 99-51158
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID JAIMES PEREZ,
a/k/a David James

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
_____
March 21, 2001

Before: GOODWIN[1], GARWOOD and JONES, Circuit Judges.

PER CURIAM:[2]

David Jaimes Perez ("Perez") pleaded guilty to illegal reentry into the United

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

[2]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4

States after deportation in violation of 8 U.S.C. § 1326(a), (b)(1)(2). He appeals the Guideline sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we reverse and remand for re-sentencing. *See United States v. Chapa-Garza*, No. 99-51199 (5th Cir. Mar. 1, 2001).

Perez first contends that the district court erred in holding that his prior conviction for Texas felony driving while intoxicated is a crime of violence within the meaning of 18 U.S.C. § 16(b) and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(A). At the time of its decision, the district court's holding was consistent with *Camacho-Marroquin v. INS* in which this court held that felony DWI was a crime of violence as defined by 18 U.S.C. § 16(b). *See Camacho-Marroquin v. INS*, 188 F.3d 649, 652 (5th Cir. 1999), *withdrawn* 222 F.3d 1040 (5th Cir. 2000). However, after the *Camacho-Marroquin* opinion was withdrawn, this court held in *Chapa-Garza*, No. 99-51199, slip op. at 2386, that felony driving while intoxicated with no other criminal conduct is not a crime of violence within the meaning of 18 U.S.C. § 16(b) and therefore not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(A).

Perez also contends that the district court erred in denying his motion for a downward departure based on his "cultural assimilation" into American society. We have no jurisdiction to review a trial court's refusal to grant a downward

departure from the Guidelines unless the refusal was based on an error of law. *United States v. Palmer*, 122 F.3d 215, 222 (5th Cir. 1997). When a district court declines to depart downward because the facts in the case do not warrant the departure, the decision is not reviewable. *See United States v. Reyes-Nava*, 169 F.3d 278, 280 (5th Cir. 1999).

A refusal based upon the sentencing court's belief that it has no power to depart downward is an error of law. A refusal couched in ambiguous terms which leaves the reviewing court in doubt whether the sentencing court believed it had the authority to depart downward and chose not to do so, or whether the sentencing court thought it might want to depart downward but thought it could not do so, has created a substantial amount of post-guideline litigation in other circuits. We will not speculate at this time about what might happen on remand. We will leave the matter to the trial judge, where it belongs in the first instance.

Finally, Perez argues that in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), the district court erred by sentencing him under 8 U.S.C. § 1326(b)(2) because his prior aggravated felony, which triggered the higher maximum sentence allowed under § 1326(b)(2), was not alleged in the indictment. Perez recognizes that the Supreme Court has held that the enhanced penalties contained in § 1326(b) are mere sentencing factors and not

elements of a separate offense. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Perez attempts to cast doubt on the continuing viability of *Almendarez-Torres* in light of *Apprendi*, he acknowledges that we are bound by *Almendarez-Torres* until the Supreme Court overrules its decision. *See Chapa-Garza*, No. 99-51199, slip op. at 2387. Therefore, we reject Perez's contention that his prior aggravated felony must have been alleged in the indictment for 8 U.S.C. § 1326(b)(2) to apply.

Sentence vacated and the cause is remanded for sentencing.