IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50235

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUVENTINO MENDOZA-TOVAR,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
(A-00-CR-236)

---

September 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Juventino Mendoza-Tovar appeals the sentence imposed following his conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and illegal reentry after deportation in violation of 8 U.S.C. § 1326(b)(2). Mendoza-Tovar argues that the district court improperly applied a two-level enhancement under U.S.S.G. § 4A1.1(d) for the offense having been committed while

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendoza-Tovar was serving a criminal justice sentence. Mendoza-Tovar did not object to this enhancement before the district court, and as a result, our review is for plain error.[1] We may thus reverse only if the error is clear and it affects the defendant's substantial rights.[2]

The Government agrees that the district court erred,[3] but argues that the error did not affect substantial rights because the district court additionally erred by not imposing a two-level enhancement because the crime of reentry was committed "less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such sentence."[4] Mendoza-Tovar was released by the state of Kentucky on December 1, 1997 and he was in the United States in June, 1999, when he was arrested for assault in Austin, Texas. We have held that a violation of § 1326 is a continuing offense that "begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by the INS

---

[1] *United States v. Ocana*, 204 F.3d 585, 588 (5th Cir. 2000).

[2] *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001).

[3] There is no dispute that Mendoza-Tovar was not under a criminal justice sentence at any time from his 1999 illegal reentry into the United States until his arrest in Travis County, Texas on July 2, 2000. While Mendoza-Tovar committed an assault in June, 1999, he was not sentenced until September, 2000, after he had been arrested on the felon in possession and illegal reentry offenses. Thus, he was not under a criminal justice sentence when he committed either of the instant offenses.

[4] U.S.S.G. § 4A1.1(e).

in the United States."[5]  Therefore, the Government is correct that Mendoza-Tovar should have received a two-level enhancement under U.S.S.G. § 4A1.1(e).

Mendoza-Tovar, however, argues that since the Government failed to raise this objection to the district court, and they have not raised the issue on appeal that we cannot address it.[6]  While the Government did not cross-appeal, it notes that our review here is for plain error only, and that the defendant's substantial rights cannot be affected where he received precisely the treatment the guidelines required (albeit as a result of two incorrect applications of the guidelines).  We need not resolve this question, because we find that there are adequate alternative grounds for the district court to have imposed the two-level enhancement.  As the Government notes, Mendoza-Tovar was, at sentencing, an excellent candidate for an upward departure under U.S.S.G. § 4A1.3.  When Mendoza-Tovar was arrested, he had set a vehicle on fire and used his firearm (which he possessed unlawfully) to shoot out its tires.  Mendoza-Tovar had previously served only four years of an eight-year sentence for manslaughter in Kentucky, and he was a multiple offender against the immigration laws of the United States.  "Reviewing for plain error, we will uphold a defendant's sentence if on remand the district court could

---

[5] *United States v. Corro-Balbuena*, 187 F.3d 483, 485 (5th Cir. 1999).

[6] *United States v. El-Zoubi*, 993 F.2d 442, 450 (5th Cir. 1993).

3

reinstate the same sentence by relying on a reasonable application of the Sentencing Guidelines."[7]

    For the foregoing reasons, we AFFIRM.

---

[7] *United States v. Ravitch*, 128 F.3d 865, 871 (5th Cir. 1997) (citing *United States v. Brunson*, 915 F.2d 942, 944 (5th Cir. 1990)).