IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50069
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CARMELO GONZALEZ-MEZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-350-ALL
_____

November 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Carmelo Gonzalez-Meza was convicted by a jury of reentering the United States illegally after deportation in violation of 8 U.S.C. §§ 1326(a)(1) & 1326(b)(1)(2). He appeals his conviction and sentence on multiple grounds.

Gonzalez-Meza first argues that his Mirandized statements should have been suppressed as tainted by his suppressed un-Mirandized statements. "Mirandized statements made subsequent to

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an un-Mirandized statement are not the illegal fruit of the prior statement unless the prior statement was actually involuntary as opposed to merely presumed involuntary on the basis that it was given without the benefit of *Miranda* warnings."[1]  Here, the record does not provide any indication that Gonzalez-Meza's un-Mirandized statements were involuntary or the product of coercion.[2]  As such, there is no need to engage in an attenuation analysis pursuant to *Brown v. Illinois*,[3] and we conclude the district court did not err in refusing to suppress the Mirandized statements.[4]

We also find that there was sufficient evidence to sustain the conviction for illegal reentry, with or without the Mirandized statements.  "Pursuant to the text of § 1326, the government is required to allege [and prove] only (1) that the defendant was an alien, (2) that he was 'deported' as that term is contemplated by the statute, (3) that he subsequently was found within the United States; and (4) that he did not have the consent of the Attorney General to reapply for admission."[5]  In particular, sufficient

---

[1]  *United States v. Garcia Abrego*, 141 F.3d 142, 169 (5th Cir. 1998).

[2]  *See id.*

[3]  422 U.S. 590 (1975).

[4]   See *Or. v. Elstad*, 470 U.S. 298, 310-11 (1985); *United States v. Barte*, 868 F.2d 773, 774 (5th Cir. 1989); *United States v. Basey*, 816 F.2d 980, 994 (5th Cir. 1987).

[5]  *United States v. Guzman-Ocampo,* 236 F.3d 233, 237 n.4 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 2600 (2001).

documentary evidence established that Gonzalez-Meza had previously been deported and that he did not have the consent of the Attorney General to reenter the United States.[6] Moreover, Gonzalez-Meza's properly-admitted, sworn statement provides ample evidence that he had been previously deported.

The district court did not abuse its discretion by denying Gonzalez-Meza discovery of the audio recording of his prior deportation hearing because the recording would not have permitted Gonzalez-Meza to successfully collaterally attack his prior deportation order on the basis that his Texas state felony drug conviction was not an "aggravated felony."[7] Our precedent forecloses any argument that his conviction was not such a felony, and so he cannot establish that any alleged procedural deficiencies in his earlier hearing caused him actual prejudice.[8] Gonzalez-Meza was also ineligible for discretionary relief under 8 U.S.C. § 1182(h) because of the quantity of drugs for which he was convicted in Texas state court.[9]

---

[6] *Cf. United States v. Quezeda*, 754 F.2d 1190, 1193-95 (5th Cir. 1985).

[7] *See United States v. Hernandez-Avalos*, 251 F.3d 505, 507 (5th Cir.), *cert. denied*, No. 01-5773, 2001 WL 992061 (U.S. Oct. 1, 2001).

[8] *See id.* at 507-08; *United States v. Hinojosa-Lopez,* 130 F.3d 691, 694 (5th Cir. 1997).

[9] *See* 8 U.S.C. § 1182(h).

The district court also did not abuse its discretion in refusing to exclude testimony that a fingerprint card indicating that Gonzalez-Meza had a criminal history was found in his INS Alien File. Even assuming without deciding that the district court erred in overruling Gonzalez-Meza's Federal Rule of Evidence 404(b) objection to this evidence, such error would be harmless because the implication that Gonzalez-Meza had a criminal history did not have a substantial and injurious effect or influence on the jury's verdict in light of the other substantial evidence of Gonzalez-Meza's guilt.[10]

We also reject Gonzalez-Meza's argument that the district court's decision to admit into evidence his statement that he illegally reentered the United States in 1998 violated Rule 404(b). Contrary to Gonzalez-Meza's understanding of section 1326, we have held that "Section 1326 sets forth a continuing offense," which "begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by the INS in the United States."[11] Moreover, section 1326 is a general intent offense, requiring that the government prove that

---

[10] *See United States v. Polasek*, 162 F.3d 878, 886 (5th Cir. 1998); *cf. United States v. Torres-Flores*, 827 F.2d 1031, 1038 (5th Cir. 1987) (citing cases where the admission of a "mug shot" which tended to allude to a criminal record or bad character was harmless in light of other strong evidence against the defendant).

[11] *United States v. Corro-Balbuena*, 187 F.3d 483, 485 (5th Cir. 1999); *see also United States v. Reyes-Nava,* 169 F.3d 278, 280 (5th Cir. 1999).

4

the defendant voluntarily reentered the United States.[12] Under these circumstances, evidence of Gonzalez-Meza's reentry in 1998 "constituted intrinsic background information and therefore Rule 404(b)'s limits on admissibility of extrinsic acts did not apply."[13] For the foregoing reasons, Gonzalez-Meza's conviction is AFFIRMED.

Gonzalez-Meza's arguments that our decision in *Ruiz-Romero v. Reno*[14] implicitly overruled the holding in *United States v. Hinojosa-Lopez*[15] and that our interpretation of "aggravated felony" for sentencing purposes violates a fundamental rule of statutory construction and the rule of lenity are meritless.[16] Gonzalez-Meza

---

[12] *United States v. Berrios-Centeno*, 250 F.3d 294, 298-99 (5th Cir.), *cert. denied*, No. 01-5535, 2001 WL 914944 (U.S. Oct. 1, 2001).

[13] *United States v. Miranda*, 248 F.3d 434, 440 (5th Cir.), *cert. denied*, No. 01-6235, 2001 WL 10953457 (U.S. Oct. 15, 2001); *see also United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). Of course, the necessary voluntary act to meet the general intent requirement could also "be inferred by the fact that a defendant was previously deported . . . and subsequently found in the United States, without consent." *Berrios-Centeno*, 250 F.3d at 299 (internal quotation marks omitted).

[14] 205 F.3d 837 (5th Cir. 2000).

[15] 130 F.3d 691 (5th Cir. 1997).

[16] *See United States v. Rivera*, 265 F.3d 310 (5th Cir. 2001) (per curiam) (rejecting a statutory construction and rule of lenity challenge to *Hinojosa-Lopez*); *Hernandez-Avalos*, 251 F.3d at 507-08 (reaffirming *Hinojosa-Lopez* and rejecting the argument that the interpretation of "aggravated felony" employed by the Board of Immigration Appeals is binding on us for sentencing or immigration purposes); *Narvaiz v. Johnson*, 134 F.3d 688, 694 (5th Cir. 1998) (holding that panel decisions cannot overrule prior panel decisions).

now concedes this point to the government but seeks to be resentenced pursuant to an amendment to U.S.S.G. § 2L1.2, effective November 1, 2001. This amendment is not listed in U.S.S.G. § 1B1.10(c), however, and so affords Gonzalez-Meza no right to seek relief from the district court under 18 U.S.C. § 3583(c)(2).[17]

The district court also did not abuse its discretion by ordering that Gonzalez-Meza's sentence run consecutive to his state court sentence for driving while intoxicated. Because, as noted above, Gonzalez-Meza's section 1326 violation was a continuing offense begun when he reentered the United States in 1998, and because a section 1326 violation is not a mere status offense, U.S.S.G. § 5G1.3(a) authorizes a consecutive sentence in this case.[18]

Finally, relying on our recent decision in *United States v. Rodriguez-Montelongo*,[19] Gonzalez-Meza raises for the first time in his reply brief the argument that the district court erred in refusing to grant a downward departure based on cultural assimilation. Ordinarily, we will not consider an argument raised

---

[17] *See* U.S.S.G. § 1B1.10(c); *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998).

[18] *See* U.S.S.G. § 5G1.3(a); *United States v. Tovias-Marroquin*, 218 F.3d 455, 456-57 (5th Cir.), *cert. denied*, 531 U.S. 1058 (2000); *Corro-Balbuena*, 187 F.3d at 485.

[19] 263 F.3d 429 (5th Cir. 2001).

6

for the first time in a reply brief.[20]  This argument, however, is without merit at all events.  The district court here did not simply believe that it did not have authority to grant such a downward departure, but rather indicated that it would not exercise its discretion to grant such a departure if it did have the authority to do so.  Under these circumstances, we cannot review the district court's refusal to grant a downward departure and so we dismiss the appeal as to this issue.[21]  Accordingly, Gonzalez-Meza's sentence is AFFIRMED.

---

[20]  *Price v. Roark*, 256 F.3d 364, 368 n.2 (5th Cir. 2001).

[21]  *See United States v. Martinez*, 263 F.3d 436, 440 (5th Cir. 2001).