IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20359
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BERISFORD ALEXANDER HAUZE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-700-ALL
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Berisford Alexander Hauze pleaded guilty to conspiracy to
possess with intent to distribute more than 100 grams of heroin
in connection with his arrest for smuggling heroin into the
United States in his digestive tract.  Hauze appeals his sentence
arguing that the district court was clearly erroneous by
including as relevant conduct to his offense an estimate
of the amount of heroin he smuggled into the United States on a
prior occasion.  Hauze does not argue that the prior smuggling
activity was not relevant conduct to the offense.  Hauze

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

acknowledges his confession regarding swallowing 52 pellets of heroin for the smuggling trip. Hauze does not argue that the assumption that those pellets were substantially similar to the pellets seized from him in August 2000 was clearly erroneous. United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997). Contrary to Hauze's argument, the district court's determination of the quantity of drugs is supported by a preponderance of the evidence. United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996).

With respect to Hauze's assertion that the district court erred by denying his motion for a downward departure, we do not have jurisdiction to review the matter because the district court's refusal to depart downward was based on its determination that departure was not warranted on the facts of the case. United States v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999); United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

AFFIRMED.