**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4329**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE GONZALEZ-CAMACHO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:05-cr-00360)

Submitted: December 21, 2006          Decided: February 14, 2007

Before WILKINS, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Gonzalez-Camacho appeals the sentence imposed by the district court following his plea of guilty to illegal reentry into the United States, see 8 U.S.C.A. § 1326(a) (West 2005). He maintains that the district court erred in adding two points to his criminal history score on the basis that Gonzalez-Camacho committed the crime while on probation for a prior offense, see United States Sentencing Guidelines Manual § 4A1.1(d) (2005). Finding no error, we affirm.

I.

Gonzalez-Camacho entered the country illegally from Mexico in 1996. In October 2002, he was convicted of felony possession of cocaine in North Carolina state court, and a sentence of probation was imposed. Gonzalez-Camacho was removed from the United States in December 2002.

Gonzalez-Camacho reentered the country in May 2004. On April 5, 2005, he was arrested by North Carolina law enforcement officers and charged with trafficking cocaine. His probation was revoked on April 11, 2005. A federal grand jury subsequently charged Gonzalez-Camacho with illegally reentering the country "[o]n or about April 14, 2005," J.A. 6, April 14 being the date that an immigration agent visited Gonzalez-Camacho in jail. Gonzalez-Camacho pleaded guilty to this offense.

2

The presentence report (PSR) prepared by the probation office calculated Gonzalez-Camacho's guideline range as follows. To the base offense level of 8, the PSR added four levels for Gonzalez-Camacho's previous drug felony. See U.S.S.G. § 2L1.2(a), (b)(1)(D). The PSR then subtracted two levels for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), resulting in a final offense level of 10. The PSR calculated Gonzalez-Camacho's criminal history score as 6 and then added two levels on the basis that he was serving a term of probation "[a]t the time the instant offense was committed." J.A. 32. The resulting criminal history score of 8 placed Gonzalez-Camacho in Criminal History Category IV which, combined with the offense level of 10, resulted in an advisory guideline range of 15 to 21 months imprisonment.

Gonzalez-Camacho objected to the PSR, asserting that the addition of two points under § 4A1.1(d) was improper because the offense, as alleged in the indictment, was committed on April 14, after his probation was revoked on April 11. The district court rejected this argument, characterizing illegal reentry as "a continuing offense," that was surely being committed on April 5, when Gonzalez-Camacho was arrested. J.A. 13. The court imposed a sentence of 15 months imprisonment.

II.

Gonzalez-Camacho maintains that the sentence imposed by the district court violates the Sixth Amendment. We disagree.

In United States v. Booker, 543 U.S. 220, 244 (2005), the Supreme Court held that the Sixth Amendment right to a jury trial is violated when the district court, acting pursuant to a mandatory guidelines system, imposes a sentence greater than the maximum authorized by the facts admitted by the defendant or found by the jury. Gonzalez-Camacho maintains that the sentence imposed by the district court violated this principle because the grand jury did not charge, and he did not admit, that his reentry was a continuing offense that began before the April 11, 2005 revocation of his probation.

This argument fails. Under Gonzalez-Camacho's reasoning, he would have been assigned only six criminal history points, placing him in category III. This Criminal History Category, combined with an offense level of 12, see United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005), would have resulted in a guideline range of 15-21 months imprisonment. As noted previously, the district court sentenced Gonzalez-Camacho to 15 months. Therefore, because the sentence did not exceed the maximum authorized by the facts

4

charged in the indictment and admitted by Gonzalez-Camacho, Gonzalez-Camacho's Sixth Amendment rights were not violated.[*]

### III.

For the reasons set forth above, we affirm Gonzalez-Camacho's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Gonzalez-Camacho does not argue that the district court improperly calculated the guideline range, a non-constitutional error that might also entitle him to reversal of his sentence. See United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (holding that under post-Booker advisory guidelines regime, "[a]n error of law, such as incorrectly identifying the applicable guideline range, can render a sentence unreasonable" (internal quotation marks omitted)).  In any event, such a claim would be without merit because illegal reentry is a continuing offense that begins when a previously removed alien enters the country and continues until he is found by immigration officials.  See United States v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999) (per curiam) (affirming enhancement under § 4A1.1(d) when defendant had served two prison terms between reentering the United States and being discovered by immigration officials).