# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10540
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO RUIZ-GOVEA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CR-44-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Ricardo Ruiz-Govea appeals his jury trial conviction for illegal reentry following deportation and his within-guideline sentence of 96 months of imprisonment. He asserts that the district court erred when it denied his motion to dismiss the indictment, and he challenges the validity of his prior removal, which is an element of his illegal reentry offense. He also argues that his sentence is substantively unreasonable, that the district court erred in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10540

assessing a 16-level enhancement, and that the district court did not adequately explain the sentence imposed.

As Ruiz-Govea concedes, his argument regarding the motion to dismiss is foreclosed by *United States v. Lopez-Ortiz*, 313 F.3d 225, 229-31 (5th Cir. 2002), which held that errors involving discretionary relief in immigration proceedings do not render the proceedings fundamentally unfair so as to violate due process. *See Romero-Rodriguez v. Gonzales*, 488 F.3d 672, 677 n.5 (5th Cir. 2007). Accordingly, the district court did not err in denying his motion to dismiss.

Ruiz-Govea's claims regarding his sentence are also meritless. First, the district court correctly assessed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) based on Ruiz-Govea's 1996 drug trafficking conviction. *See United States v. Corro-Balbuena*, 187 F.3d 483, 485 (5th Cir. 1999). Second, regarding Ruiz-Govea's substantive reasonableness challenge, the district court was entitled to rely on his 1996 drug trafficking conviction, and the "staleness" of the conviction "does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Finally, to the extent that Ruiz-Govea argues that the district court's explanation of the sentence was insufficient, he has not established any error, plain or otherwise. Where the court imposes a within-guidelines sentence, a lengthy explanation is not required. *Rita v. United States*, 551 U.S. 338, 356-57 (2007). The district court's explanation for imposing a term of supervised release was also sufficient. *See United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013).

AFFIRMED.