# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40087
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

September 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS RICARDO OROZCO-JARAMILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-18-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Luis Ricardo Orozco-Jaramillo appeals his conviction for illegal reentry, in violation of 8 U.S.C. § 1326. His sole argument on appeal is that this court should remand to the district court on a limited basis to correct the judgment regarding the date the offense ended. Specifically, Orozco-Jaramillo asserts that the offense ended when he was encountered by U.S. Customs & Border Protection (CBP) on September 13, 2015, but the written judgment reflects

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his offense ended on December 16, 2015. The Government agrees that this court should remand for the limited purpose of correction of the error under Federal Rule of Criminal Procedure 36 and otherwise moves for summary affirmance. In the alternative, the Government requests an extension of time to file a merits brief.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161 (5th Cir. 1969). In the context of a § 1326 violation, "a previously deported alien who reenters and remains in the United States[] commits a continuing offense until he is found." *United States v. Reyes-Nava*, 169 F.3d 278, 280 (5th Cir. 1999) (internal citation omitted). An alien is "found" when U.S. "immigration authorities have: (1) actual knowledge of the alien's physical presence, and (2) actual or constructive knowledge that the alien's presence is illegal." *See United States v. Ramirez-Salazar*, 819 F.3d 256, 258 (5th Cir. 2016) (internal citations omitted).

The record supports that CBP knew of Orozco-Jaramillo's illegal presence on September 13, 2015, at which point his § 1326 offense ended. *See Ramirez-Salazar*, 819 F.3d at 258; *Reyes-Nava*, 169 F.3d at 280. Given that neither party has cited a case that specifically involves a Rule 36 correction regarding the end date of an offense, summary affirmance is inappropriate. Nevertheless, as the record supports that the written judgment lists an erroneous end date of the offense, a limited remand is warranted.

Therefore, the motion for summary affirmance is DENIED and a limited remand is GRANTED for the purpose of correcting the written judgment. Because we dispense with further briefing, the alternate motion for an extension of time is DENIED. The judgment is otherwise AFFIRMED.